

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CASE NO. 9:02-CR-12 |
| § | |
| JEFFREY JONES § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Jeffrey Jones, violated conditions of supervised release imposed by United States District Judge John Hannah, Jr.. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of the defendant's supervised release

The Court conducted a hearing on February 1, 2011, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated

conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On February 24, 2003, The Honorable John Hannah, Jr., United States District Judge for the Eastern District of Texas, sentenced Mr. Jones after he pled guilty to the offense of possession with intent to distribute 50 grams or more of cocaine base, a Class A felony. Judge Hannah sentenced the defendant to 182 months imprisonment to be followed by five years of supervised subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, and a $100 special assessment.

On May 7, 2003, the Court reduced Mr. Jones' imprisonment term to 121 months. On March 4, 2004, the Court ordered that his sentence run concurrently with any state sentence. On

May 26, 2009, Mr. Jones completed his period of imprisonment and began service of the supervision term. This case is now assigned to the docket of United States District Judge Ron Clark.

### B. Allegations in Petition

The United States alleges that Defendant violated the following mandatory condition of supervised release:

*The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.*

Specifically, Jeffrey Jones submitted a urine specimen on July 6, 2009, which tested positive for cocaine.

### C. Evidence presented at Hearing:

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government would establish that as condition of his supervision conditions, Mr. Jones was ordered to refrain from the unlawful use of controlled substances. The Government would present documentation and testimony establishing that on July 6, 2009, Mr. Jones submitted a urine specimen to the United States Probation Office for testing which yielded a positive result for cocaine upon laboratory analysis.

Defendant, Jeffrey Jones, offered a plea of true to the allegations. Specifically, Mr. Jones agreed with the evidence presented and pled true to the allegation that he used and possessed cocaine, all in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by using cocaine.

As the parties agreed at the revocation hearing, the Court may find that drug use is equivalent to possession of the prohibited substance. *See United States v. Courtney*, 979 F.2d 45, 48 (5th Cir. 1992). The Court has the discretion to conclude that a positive test is evidence of possession. *See id. See also United States v. Campbell*, No. 03-30119, 87 F. App'x 75, 76 (9th Cir. Feb. 3, 2004) (citing *United States v. Baclaan*, 948 F.2d 628, 630 (9th Cir. 1991) (per curiam)).

If the Court finds that Mr. Jones violated his supervision conditions by using a controlled substance as stated in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Possession of a controlled substance constitutes a Grade B violation. Upon finding a Grade B violation, the Court shall revoke defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1); 18 U.S.C. § 3583(g)(1).

Mr. Jones pled true to the allegation that he used and possessed the controlled substance of cocaine. The parties also agreed that his sentence would be based upon a finding of possession, thus constituting a Grade B violation.

Based upon the defendant's criminal history category of III and the Grade B violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from eight (8) to fourteen (14) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class A felony, the statutory maximum imprisonment term upon revocation is five years, less any

time the defendant has already served in prison for a previous revocation. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade B violation of his supervision conditions by possessing a controlled substance. Mr. Jones knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violation.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke the defendant's supervised release. The undersigned magistrate judge further recommends that the District Court

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

order Defendant, Jeffrey Jones, to serve a term of **eleven (11) months imprisonment**, with no further supervision term upon his release.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 10th day of February, 2011.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE